## JAMES MAHONEY vs. METROPOLITAN RAILROAD COMPANY.

The fact that a traveller on a highway perceives that an obstacle therein is dangerous to persons attempting to pass it is not conclusive that he does not use due care in making the attempt.

In an action against a street railway corporation for injuries alleged to have been caused to a traveller on the street by negligence of the defendants in heaping up snow by the side of their track, it appeared that the defendants heaped up snow on each side of the track so that it formed a trough, twelve or fourteen inches deep, with sides sloping down to the rails at angles of about forty-five degrees, and that, while the plaintiff was conducting across this trough his team of two horses, drawing a sled on two sets of runners, which was heavily loaded with lumber projecting over the back of the shaft horse, the load tilted forwards, when the front runners reached the first rail, so that the lumber fell on that horse and on the plaintiff, and injured them. *Held*, that the questions whether the plaintiff was negligent in attempting to cross the track, or in the manner in which he made the attempt, were for the jury.

TORT for injuries sustained by the plaintiff in attempting to cross, with his horses and sled, the street railway track of the defendants in Washington Street in Boston, on February 1, 1868, and alleged to have been caused by the negligence of the defendants in heaping up snow and ice on the sides of the track. At the trial in the superior court, before *Wilkinson, J.,* the plaintiff introduced evidence tending to show these facts:

During the latter part of January 1868 there was a heavy fall of snow, and the defendants removed it from their railway track with snow ploughs, which cleared the iron rails and heaped up snow each side of the track, where it lay on February 1 twelve or fourteen inches deep, icy, and sloping down to the rails at angles of about forty-five degrees.

Harrison Avenue is a street which runs nearly parallel with Washington Street; Davis and Dover Streets are parallel streets, connecting Washington Street and Harrison Avenue; and there is a railway track of the defendants in Dover Street. Where Davis Street joins Washington Street, the defendants' track in Washington Street runs along the middle of the carriageway, about twelve feet distant from the curb-stone of the sidewalks.

The plaintiff was a teamster and about forty years old. On February 1 he was transporting a load of lumber from Charles-

town, which lies north of Boston, to a place on Harrison Avenue south of Dover Street. The lumber weighed about 3400 pounds, consisted of joists some of which were fifty feet long, and was loaded on a sled drawn by a team of two horses.

" The sled was what is called a traverse sled, having a double set of runners, with sides like a job wagon, held up by iron supports. The lumber rested, in front, on a roller which was placed over the fore part of the sides of the sled, thence sloping down to another roller, placed at the bottom of the hind end of the sled. The lumber projected over the shaft horse's back and was fastened to the wagon sides by ropes."

The plaintiff, on his way, turned into Washington Street at a point some distance north of Davis Street, soon after noon; and he testified that " he saw the excavation made by the defendants, as he passed up southerly on Washington Street, on the right or westerly side of the street, and knew it to be dangerous, and, preferring to get into Harrison Avenue through Davis Street, where there was no horse railroad track, as there was in Dover Street, and seeing how the icy snow lay, he directed his man, who had assisted him in loading, and had accompanied him thus far, to take the leading horse by the head, and to lead him across the track, as nearly at a right angle as he could, and into Davis Street." The man obeyed the direction, " crossing nearly directly across, and at a walk; the plaintiff himself holding the shaft horse by the bridle at his head. A witness called as an expert, and not contradicted, testified that this was the correct way to cross, avoiding an acute angle crossing, which might be more likely to produce an upset. When the forward runners came upon the rail track, the hind runners being still on the snow heap on the westerly side, the load was so thrown forward that it broke the nigh forerunner and the wagon side, breaking the iron braces, and the lumber came upon the shaft horse and the plaintiff, throwing both of them down, somewhat injuring the horse, and breaking the plaintiff's ribs and doing him serious injury."

On this evidence, the defendants, without offering any evidence, asked for a ruling that the plaintiff had not shown that

he used due care; and the judge ruled " that the plaintiff, having voluntarily driven into the excavation, knowing it to be dangerous, could not maintain his action," and directed a verdict for the defendants, which was returned. The plaintiff alleged exceptions.

*J. C. Park,* for the plaintiff.

*W. Gaston,* (*E. O. Shepard* with him,) for the defendants.

MORTON, J. This case falls within the principle of the case of *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 157. The fact that the plaintiff saw the obstruction created by the defendants, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who, in the lawful use of a highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party.

In the case at bar, if the plaintiff had reasonable cause to believe that he could pass the obstruction in safety, and used reasonable care in the attempt, he is entitled to recover. *Horton* v. *Ipswich,* 12 Cush. 488. It is a question for the jury to determine whether, under the circumstances, the plaintiff was justified in attempting to cross the street notwithstanding the obstruction, and whether in doing so he used due care.

*Exceptions sustained.*