CAROLINE BARTON *vs.* CITY OF SPRINGFIELD.

In an action under the Gen. Sts. *c.* 44, § 22, to recover for injuries caused by a defect in the sidewalk of a street, the facts that the plaintiff knew of the defect, but, being frightened, ran over the sidewalk in the dark, giving no thought to the sidewalk or her manner of going over it, do not necessarily show such want of due care on her part as will, as matter of law, prevent her recovery.

TORT to recover for personal injuries received by the plaintiff on September 15, 1871, by reason of an alleged defect in a sidewalk on Sargeant Street in Springfield, which the defendants were bound to keep in repair.

Trial in the Superior Court, before *Rockwell*, J., who, after a verdict for the plaintiff, allowed the following bill of exceptions :

" The alleged defect consisted of a depression or cut in the sidewalk, which was of earth not paved, caused by the rain standing in a pool and flowing therefrom, from three to four feet in width and from four to eight inches in depth. It had been substantially in the same condition since the July previous. The evidence tended to show that early in the evening, the plaintiff went from the house on Sargeant Street, where she was then living, passing over the alleged defective sidewalk ; that as she passed across it she felt a roughness ; that she went to a shop on Main Street, near by, was gone a few moments and returned, and as she reached the corner of Sargeant Street and Main Street, saw a man standing upon the corner, who, as she passed him, put out his arm as if to catch her ; that at this action she was frightened, and ' cut and run ' down Sargeant Street, thought nothing about the sidewalk or the manner of her passing over it, but the first she knew she found herself in the hole , that it was very dark at the time ; and that she was thrown violently upon her side and was injured.

" The defendant asked the judge to rule ' that if the plaintiff went across the sidewalk at a run, it being very dark at the time, and gave no thought to the sidewalk or its condition, or the manner of her passage across it, then she was not in the exercise of due care, and could not recover ; and that if she knew of the

Barton *v.* Springfield..

defect and went over the sidewalk upon a run by reason of the fright she received, and gave no thought to the sidewalk or the manner of her passage over it, then she was not in the exercise of due care and could not recover.' The judge refused so to rule, but instructed the jury that if they believed that the plaintiff exercised her best judgment, under the circumstances which then surrounded her, and if she proved affirmatively that she was in the exercise of due and ordinary care in the circumstances, that she could recover; otherwise not. The judge gave instructions as to what would constitute due and ordinary care, which were not objected to." The defendants alleged exceptions.

*E. B. Maynard*, for the defendants.

*G. M. Stearns*, (*M. P. Knowlton*, with him,) for the plaintiff.

COLT, J. The jury were told in this case that the plaintiff must affirmatively show that she was in the exercise of due and ordinary care under the circumstances in which she was placed. Due and ordinary care was also defined in terms which were not excepted to and are not reported.

The defendant was not entitled to the ruling asked, unless the circumstances set forth in the prayer for instructions preclude the possibility of due care on the part of the plaintiff. They do not. The evidence is not all reported, and the jury were justified in finding due care, notwithstanding the specified conduct of the plaintiff. The fact that she was frightened and ran along the walk does not make the exercise of due care impossible. *Alger* v. *Lowell*, 3 Allen, 402. Nor is it required that the traveller's thoughts should be constantly upon the condition of the way over which he passes as to its want of repair. That circumspection only is required which prudent men ordinarily use. It is certain that previous knowledge of the existence of a defect, although it has an important and oftentimes decisive bearing on the question, is not conclusive, and the plaintiff may recover notwithstanding. And it is impossible to say, as matter of law, where all these elements are combined, that the jury would not be justified in finding for the plaintiff. *Mahoney* v. *Metropolitan Railroad Co.* 104 Mass. 73.                *Exceptions overruled.*