AMELIA K. WHITFORD *vs.* INHABITANTS OF SOUTHBRIDGE.

Worcester. Oct. 7, 1875. — March 4, 1876. AMES & LORD, JJ., absent.

In an action against a town, for personal injuries caused by a defect in a highway, the defendant requested a ruling that the plaintiff could not recover unless she satisfied the jury that the injury was caused by the defect in the way without fault on her part. The instruction given was that "the plaintiff must satisfy the jury that she was in the exercise of due care at the time of the alleged injury, and if a want of due care on her part contributed in any degree to the injury she cannot recover, though it would not have occurred except for the omission of the town to perform its duty." *Held*, that the request did not call the attention of the presiding judge to the rule of law that it must appear that the injury was caused solely by a defect in the way, but only to the question of contributory negligence on the part of the plaintiff, and that the defendant had no ground of exception.

In an action against a town for personal injuries caused by a defect in a foot-path, by the side and within the location of a highway, instructions were requested that the jury could not find "merely" from certain specified circumstances that the town had recognized the path as a part of the highway that they were bound to keep in proper condition for travel. *Held*, that such instructions were properly refused; and that the recognition and adoption of the path by the town was a question of fact for the jury to determine, in view of all the evidence in the case.

A person, knowing the unsafe condition of a part of a foot-path by the side of a highway in a town, fell and was injured in the attempt to pass over it. In an action brought against the town for the injuries caused by the alleged defect, the defendant requested the judge to instruct the jury that the plaintiff's election, with such knowledge, to travel along the path instead of by the safe portion of the way might be considered by them as such want of due care upon her part as would prevent her recovering. The judge ruled that such knowledge would not be conclusive that the plaintiff did not exercise due care; but that if, with her knowledge, the plaintiff did not exercise due care and prudence, either in entering upon the way or in proceeding thereon after she had entered, she could not recover. *Held*, that this ruling properly left the jury to determine whether there was any want of due care in going upon the foot-path.

Tort for personal injuries alleged to have been sustained by the plaintiff in consequence of a defect in a highway in the defendant town. Trial in the Superior Court, before *Dewey,* J., who allowed a bill of exceptions in substance as follows :

The street had originally been laid out and constructed by the Hamilton Woollen Company, and in 1846 was laid out and accepted by the defendant.

The plaintiff offered evidence tending to show that she was a person seventy-two years old, residing with her son, who owned he premises abutting on the highway at the place of the accident; that she came out of her son's house and went down a flight of three steps, which led down from the bank on which her son's house stood to the location of the highway, and proceeded along a part of the location used as a sidewalk; that such walk was ledgy, uneven and unsafe, and that while on this part of the way, opposite her son's premises, and using due care, she fell and was hurt. Her own testimony as to the occurrence of the accident was as follows : " I came down the steps and walked three or four feet on the sidewalk, going north down the street, and I fell; my feet went against something, I do not know what; and broke two bones right in my ankle joint. I was going careful as I could. I was walking right on the sidewalk. I don't know but I stepped on something, and I don't know as I did." On cross-examination she testified : " It never has been a safe place. I knew perfectly well its character. I considered it a bad place. I don't think it ever has been a safe place. I always felt it was a bad sidewalk for any one to go on. I was not thinking particularly about it at the time."

The plaintiff also offered testimony tending to show that she was found lying on the sidewalk, with her leg broken, in the position in which she described herself as lying, about two feet from the north end of the steps. This was all the evidence as to the mode of the occurrence of the injury.

The plaintiff further offered evidence of persons accustomed to pass that way and living on the street, that at the time of the accident, and for many years before, the greater part of the foot travel passed along said portion of the location. Evidence was also introduced as to the situation and condition of said sidewalk at and prior to the time of the injury to the plaintiff; and that

one Whitford, the adjacent owner, wheeled some material from his garden, which he spread over the ledgy part above described, and that afterwards a person, who was mending the road for the town, removed some material, using the gravel to crown up the middle of the street, and carrying off the stones which remained to a distant place. The plaintiff contended that this was to im prove the walk. The defendant contended that it was not to improve the walk, and had no such effect, but was a mere tak= ing of materials found within the location to improve the wrought part of the road.

The plaintiff also offered evidence tending to show that the town had laid out and constructed a sidewalk on that side of the street, northerly of the point in question, extending from Main Street to a point about forty or fifty feet from the place of the accident; that, from the point where the sidewalk so con structed terminated, a smooth foot-path extended to the uneven and ledgy place on which the accident happened; that said un even and ledgy place extended about twenty feet, and southerly of said place a smooth, even path extended some distance fur ther south; that between the carriage way and the sidewalk so constructed by the defendant, a gutter had been made and paved by the defendant, and that a depression, of substantially the same shape and size as the paved gutter, extended south from the paved gutter between the carriage way and the smooth path leading from said sidewalk to said uneven, ledgy place, and ex tending past the ledgy place and past the smooth path south of the ledgy place, and forming a continuous gutter or watercourse between the carriage way and the walk on the side of the road; that said sidewalk, so constructed by the town, and the smooth paths northerly and southerly of the said uneven and ledgy place, and the uneven and ledgy place itself, were substantially one continuous grade, and all on about the same grade relatively to the carriage way; that there was no method provided for the foot travel passing over the sidewalk constructed by the defend ant to pass from the sidewalk to the carriage way at the point where said sidewalk terminated near the ledgy place, except by crossing the said gutter, without any bridge, flagging or other means of getting over.

The defendant offered evidence tending to show that the high-way had a made way in the centre of the location wrought for and sufficient for the public travel; that the town had never laid out or wrought the remainder of the location, including the part where the plaintiff was travelling, for the public use; that it was visibly unsafe and unfit for the purpose, and known to be so by the plaintiff, and that the greater portion of the foot travel went over the wrought centre of the location, although sometimes persons passed over the part where the plaintiff was travelling.

Evidence was further offered by the defendant that the place in question was formerly, and after the construction of the road, a bank three or four feet above the level of the wrought portion, and that an adjacent owner had many years before removed the earth from said bank, leaving the ledge bare, and put steps from his premises down to the walk, and had not levelled the walk or fitted it for travel.

The defendant requested the judge to instruct the jury as follows :

" 1. The evidence in the case is not sufficient to entitle the plaintiff to recover.

" 2. There is no evidence which tends to show that the injury of which the plaintiff complains was caused by any defect in the highway.

" 3. There is no evidence which warrants the jury in finding that the portion of the way where the plaintiff claims to have been injured was held out by the defendant as designed for public travel.

" 4. There was no evidence upon which the jury would be warranted in finding that the plaintiff was in the exercise of due care.

" 5. If the town had prepared within the limits of the location of the highway, a strip of twenty-five feet in width, being a reasonable and proper width, and sufficient in all respects for all purposes of public travel, both as regards safety and convenience, they were not bound to prepare the entire width of the location of forty feet for such purpose.

" 6. The town was not bound to prepare for the inhabitants of adjoining estates the means of getting from their estates upon the location of the highway, or of crossing that portion of the

highway not designed, wrought or appropriated for public travel, from their adjoining estates to the portion of the way so designed, appropriated or wrought, and if a person coming upon the highway from an adjoining estate in crossing to the part of the way so wrought, designed or appropriated, and before reaching the same, sustains an injury, the town is not liable.

" 7. If the jury shall find that the town constructed and maintained within the location a safe and convenient way of sufficient width and suitable in all respects for all purposes of public travel, leaving a bank between such way and the limit of the location unfit and unsuitable for travel, and several feet higher in grade than the way so prepared, and the owner of the adjacent premises removed the earth from said bank, leaving between said wrought way and said limit a ledge of rocks, uneven, sharp and unfilled, and unsafe and inconvenient for such travel, and the town did no act, either to repair or work upon said ledge, or in any manner to adopt or recognize it as used, fitted or appropriated for public travel, the mere use of it by persons knowing or having reason to believe all these facts, but choosing to take whatever risk might attend walking over such ledge, would not render the town liable for failure to make the same safe and convenient, even if such acts had been so extensive or long continued or notorious that the town may be presumed to have knowledge of it.

" 8. A town is not liable for defects and obstructions within the bounds of the way as laid out; but outside of the travelled path.

" 9. To make the town liable for failure to render safe and convenient a portion of the way never wrought or designed by it for travel, there being a sufficient way so wrought and designed by it within the location by reason of the use of such portion by the public, there must be such a long continued public and notorious use and enjoyment by the public as to amount to a recognition of it as a wrought and completed part of the way.

" 10. The town is not liable for a failure to make safe and convenient a portion of the location outside the travelled path merely because, with the knowledge of the town and without its objection, such portion is used for public travel, if such public

travel is only by persons who know the elevation and condition of the street, and have reason to know when they use it that the same was not designed or appropriated by the town for such use.

" 11. If the plaintiff, knowing that the part of the way on which she was travelling was unsafe and inconvenient, and had never been adapted by the town for travel, elected to travel along the same, instead of proceeding directly to the portion of the way which was safe and convenient, the jury may consider such election as a want of due care on her part, which will prevent her recovery.

" 12. If persons travelling on foot choose, for purposes of shortening their route, or of avoiding dirt or mud, to pass over a portion of the location which they have reason to know is not safe and has not been designed or adapted by the town for such use, there being a sufficient way provided, the jury cannot infer, from such use alone, a holding out of such portion of the way by the town as intended or designed for travel.

" 13. The authorities of the town, and not travellers, are entitled to determine what portion of the location, such portion being always sufficient, reasonable and safe, shall be prepared for public travel ; and no portion of the public, by simply using any part of the location, however unsafe or inconvenient, can impose upon the town the obligation or burden of blasting out ledges, or otherwise repairing portions of the location not needed for the reasonable use of the public.

" 14. It is not enough for the jury to be satisfied that the plaintiff sustained an injury and that the highway was in some part unsafe or inconvenient.  The plaintiff cannot recover unless she further satisfies the jury that the injury which she sustained was caused by the defect in the way, without fault on her part.

" 15. If the condition of the ledge was such as to advertise and inform all persons who were about to go over it that it was unfit and unsafe, and never had been wrought, completed or designed by the town for public travel, the mere fact that a large number of persons chose to go over it, instead of going over the part actually prepared and fitted for travel, does not oblige the town to make it safe and convenient as a part of the way designed or held out for public travel."

The judge declined to give the instructions requested, and instructed the jury as follows :

" 1. It is the duty of towns to keep ways safe and convenient for travellers on foot or in carriages, at all seasons of the year. These highways are of different width from two to six rods.

" 2. A town is not bound to work and prepare for public travel the whole of the land within the limits of the way, but only such portions as are reasonably necessary for that purpose.

" 3. A town is not necessarily chargeable with damage arising from every defect existing within the located limits of a highway. Nor would it be liable for obstructions or defects in portions of the highway not a part of the travelled path, and not so connected with it that they would affect the safety or convenience of those travelling on the highway and using the travelled path ; nor would the town be legally liable when an injury was sustained by a party using the road for the purpose of passing from his own land, although it was caused by a defect within the limits of the highway, if it was outside the part of the road used for public travel.

" 4. The town is not bound to prepare for abutters the means of passing from their estates to the adjoining highway, or of crossing from that part of the highway, not appropriated to travel, to that part which is so appropriated.

" 5. It was the duty of the town to keep and maintain safe and convenient, for the public travel, those parts of the highway which were the travelled paths, and held out to the public as intended and designed by the defendant for that purpose, and were so used.

" 6. The travelled path is that which, with the knowledge and acquiescence of the town, is used for public travel within the located limits of the highway.

" 7. It is a question for the jury whether the foot-path, on which the plaintiff alleges she met with the injury, was so connected with the wrought part of the road, or with the carriage way, and so used for travel, as to make the town liable for its condition.

" 8. From the length of time this path had been there in its then situation, and from the public notoriety of the fact, the jury may find whether this foot-path, by long continued public

use, with the knowledge and acquiescence of the town, was recognized as a part of the wrought and finished track.

" 9. If the defendants had themselves constructed this sidewalk, they would of course have been responsible to keep it in repair. But if it had been constructed by others, there may be, on the part of the town, such an adoption of the acts of those who constructed it, and such a long continued public and notorious use and enjoyment of the sidewalk as to amount to a recognition of it as a wrought and completed part of the way, and this is a question of fact for the jury.

" 10. The plaintiff must satisfy the jury that she was in the exercise of due care at the time of the alleged injury; and if a want of due care on her part contributed in any degree to the injury, she cannot recover, though it would not have occurred except for the omission of the town to perform its duty. A knowledge of the condition of the way and its alleged defects would not be conclusive that the plaintiff did not exercise due care; but where a person had knowledge of defects, or reason to apprehend any danger, a much greater degree of care and circumspection would properly be required of such person; and if, with her knowledge, the plaintiff did not exercise due care and prudence, either in entering upon the way, or in her proceeding thereon after she had entered, she cannot recover. And whether with her knowledge, and under all the circumstances, the plaintiff is in the exercise of due care, is a question for the jury to determine."

The jury returned a verdict for the plaintiff for the sum of $850; and the defendant alleged exceptions.

*G. F. Hoar & A. J. Bartholomew*, for the defendant. 1. The whole evidence as to the cause of the injury to the plaintiff was, that she was walking carefully over an unsafe way; her foot went against something; she does not know whether she stepped on something; she fell and was hurt. Upon this evidence it was a practical question, to which the attention of the jury should have been distinctly called, whether the defect in the way caused the injury. The defendant requested the judge to instruct the jury: 1. That the evidence was not sufficient to entitle the plaintiff to recover. 2. That there was no evidence tending to show that the injury was caused by a defect in the way. 3. That

"it is not enough for the jury to be satisfied that the plaintiff sustained an injury and that the highway was in some part unsafe or inconvenient. The plaintiff cannot recover unless she further satisfies the jury that the injury she sustained was caused by the defect in the way." The judge declined to give all these instructions; on the contrary, he stated the questions of fact upon which the jury were to pass, with such instructions as he deemed appropriate to each. If the jury followed the course indicated by the charge, they could have inquired: 1. Was the plaintiff hurt in the highway? 2. Was she hurt in a part appropriated to travel? 3. Was she using due care? And if they had found all these questions in the affirmative, they would have found for the plaintiff.

The instructions omitted all mention of that element of the well settled rule in this class of cases, requiring the jury to find the sole cause of the injury to be a defect in the way. *Babson* v. *Rockport*, 101 Mass. 93. The defendant insists that there was no evidence which warranted the jury in finding that the injury was caused by any defect in the highway.

2. The judge should have instructed the jury what was such a "use by the public with the knowledge and acquiescence of the town," as would bring the case within the rule laid down in *Weare* v. *Fitchburg*, 110 Mass. 334. In that case there was shown "a smooth level sidewalk, four feet wide, extending about a quarter of a mile, which the jury might have found was to all appearance as much a part of the highway as the carriage track was." The judge extracted from the opinion in *Weare* v. *Fitchburg* certain sentences, which were in that case not only a correct, but an ample and adequate statement of the law. But the defendant submits that a further instruction and explanation was properly asked, when the rule is to be applied to a case where a portion of the public, with full knowledge of its condition, elect to travel over a part of the way which it knew the town had never designed for that use. The instructions asked upon the evidence in the case were appropriate and necessary to constitute a sound rule, fixing the liability of towns in cases like this. The last instruction requested should have been given.

3. The judge erred in instructing the jury as matter of law that "a knowledge of the condition of the way and its alleged

defects would not be conclusive that the plaintiff did not exercise due care." It was a fact for the jury to find, and it was for them to determine whether these facts were conclusive or not. The judge should, therefore, have confined himself to stating that such knowledge was not held to be conclusive as matter of law. The instruction asked on this point was accurately stated, and should have been given. The defendant prayed for the distinct rule, that the jury were at liberty to find, that going upon this dangerous way was an act alone, and taken by itself, showing a want of due care. But this instruction was refused in form and substance, and that actually given stated simply that greater care was required when the defects were known. *Whittaker* v. *West Boylston*, 97 Mass. 273. *Frost* v. *Waltham*, 12 Allen, 85.

*F. P. Goulding*, (*J. M. Cochran* with him,) for the plaintiff.

DEVENS, J. It is well settled that in an action of this nature it is not sufficient for the plaintiff to show only that she was injured while walking in the highway and using due care, but that it must further appear that the injury was caused solely by a defect in the way. *Babson* v. *Rockport*, 101 Mass. 93. *Bemis* v. *Arlington*, 114 Mass. 507. The instruction requested by the defendant, that " the plaintiff cannot recover unless she further satisfies the jury that the injury which she sustained was caused by a defect in the way without fault on her part," did not, however, call the attention of the presiding judge to this familiar rule of law, but only to the question of contributory negligence on the part of the plaintiff. As thus requested, it was substantially given by the ruling that if the want of due care on the part of the plaintiff " contributed in any degree to the injury, she cannot recover, though it would not have occurred except for the omission of the town to perform its duty." The necessary inference was that the plaintiff was to recover, if at all, on account of the occurrence of the injury from a defect in the way existing by reason of the neglect of the town to perform its duty.

Both the instructions requested, and those given in reply to them, relate mainly to the liability of the defendant for the condition of that part of the way where the injury occurred and to its responsibility for defects therein. This part of the way

was a path within the limits of the highway, but outside of that portion wrought for carriage travel; and if the instructions were correct and there was no deficiency in them, the defendant has no ground of complaint. The evidence which tended to show that this path was unsafe and that the plaintiff was walking carefully, would warrant the jury in finding that while using due care the plaintiff was injured by reason of the defect in the way.

These instructions, which were largely in the language used in the opinion of this court in *Weare* v. *Fitchburg*, 110 Mass. 334, submitted as a question of fact whether there had been an adoption and recognition by the defendant of this path as a portion of the wrought and finished track so that the town would be liable for defects therein. The jury were to take into consideration the position and character of the path, its relation to the main wrought road, the length of time it had been in its then situation, the public notoriety of the facts, and were to determine whether by long continued public use, with the knowledge and acquiescence of the defendant, it had been thus adopted and recognized. From the nature of the case it would not have been possible to have given an exact rule as to the relation the path should have been shown to bear to the main wrought road, or the amount or character of its use, in order to render the town liable. The use which, in connection with other facts, was to furnish evidence of such recognition, was sufficiently defined as a "long continued public use."

Instructions were asked substantially to the effect that if the condition of the ledge (where the path was situated) was such as to inform all persons that it was unsafe, the mere fact that a large number chose to go over it would not oblige the town to make it safe; also, that if a large number of persons chose, for the purpose of shortening their route, to pass over a portion of the road not safe and not designed nor adapted for public travel, the jury could not infer from that use alone a holding out of such portion for travel; and further that if persons, who knew the character of the street and had reason to know that it had not been appropriated to public use, saw fit to use and did use it for public travel, the town would not be liable to make it safe and convenient, merely because this was done. These requests

were properly declined. So far as appears by the bill of exceptions, there was no evidence as to the motives or knowledge of those who used this path, nor did the plaintiff rely on the mere fact of any such use as was thus stated. The presiding judge could not have been properly asked to rule that a portion of the evidence did not sustain the plaintiff's case. The almost necessary effect of such instructions, if given, would have been to draw the attention of the jury from the inquiry whether this was a travelled path within the limits of the highway held out by the defendant to the public as intended and designed for travel and was so used with the knowledge and acquiescence of the town. All the circumstances attending this use were proper to be considered in connection with this question.

The defendant contends that the instruction requested, that the jury were at liberty to find that the act of going upon this dangerous way was in itself an act showing a want of due care, was not given, but in place thereof only a ruling that greater care was required where defects were known. This suggestion is, however, erroneous. The jury were told that "if, with her knowledge, the plaintiff did not exercise due care and prudence either in entering upon the way, or in her proceeding thereon after she had entered," she could not recover. This certainly left the jury to determine whether there was any want of due care in going upon the way.　　　　　　*Exceptions overruled.*