JOHN DEWIRE *vs.* GEORGE T. BAILEY.

Suffolk. February 25. — April 11, 1881. COLT, J., absent.

The fact that a person noticed, on entering a building, that there was ice and snow on a plank sidewalk in front of the door, is not conclusive evidence, in an action by him against the owner of the building for an injury sustained on his way out of the building in consequence of such snow and ice, that he was not in the exercise of due care in attempting to pass over the sidewalk.

TORT for injuries received by the plaintiff while in the act of leaving the defendant's premises. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff had attended in the evening an entertainment (for which he had paid an entrance fee) held in the defendant's hall. The hall was let by the defendant, to the persons who gave the entertainment, for the evening. The plaintiff contended that, as he was stepping from the entry way of the building, in which the hall was, on to a plank sidewalk, which afforded the usual and regular means of access to and exit from the defendant's building, he slipped, by reason of a defect in the sidewalk, on that part thereof which belonged to the defendant, the defect being caused by an accumulation of ice and snow, and received the injuries complained of.

The plaintiff testified that, as he went into the building to attend the entertainment, he noticed that there was ice and snow on the plank sidewalk, but he did not slip going in; that, at the close of the entertainment, he was among the last to leave; and that, after the accident happened, he noticed that the sidewalk in front of the door where he fell was in the same

condition as when he went in; and that he stepped carefully in going out.

The plaintiff asked the judge to rule that, even if the plaintiff knew of the ice and snow, yet if, in leaving the hall, he used due care, under the circumstances, in passing out, it would not be contributory negligence. But the judge refused so to rule; and instructed the jury that the defendant, being the owner or occupant of the building, would be liable in damages to the plaintiff, coming to it at the defendant's invitation or inducement, express or implied, on any business to be transacted or permitted by the defendant therein, for any injury occasioned by the unsafe condition of the building, the access to it, or of the egress from it, which was known to the defendant, and not known to the plaintiff, and which the defendant had negligently suffered to exist, and had given the plaintiff no notice of. The judge further instructed the jury that, if the plaintiff knew of the unsafe and dangerous condition of the ice and snow upon the plank sidewalk at the entrance of the building, and took the risk of entering upon it and going into the building, knowing that he must pass over the dangerous place in coming out, and was injured in coming out, the plaintiff could not recover; but if the plaintiff was not aware of its unsafe and dangerous condition at the time he entered upon it, he might recover, if in the exercise of due care.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*E. B. Callender*, for the plaintiff.

*O. S. Knapp & C. D. Adams*, for the defendant.

FIELD, J. The rulings of the justice presiding at the trial all rest upon the proposition that knowledge on the part of the plaintiff, at the time he entered upon the sidewalk, of the accumulation of snow and ice and of the unsafe condition of the sidewalk resulting therefrom, is in law conclusive evidence that he was not in the exercise of due care in attempting to pass over the sidewalk.

*Looney* v. *McLean*, 129 Mass. 33, was an action by a tenant of a part of a building against the landlord to recover for injuries received in consequence of the giving way of one of the steps of a staircase used in common by the tenants, for the safe

condition of which the landlord was responsible, and it was held "that the fact, if proved, that the plaintiff had previous knowledge that the stairs were in a dangerous condition, would not be conclusive evidence that the plaintiff was not in the exercise of due care;" and *Whittaker* v. *West Boylston*, 97 Mass. 273, and *Reed* v. *Northfield*, 13 Pick. 94, are cited. Other recent cases to the same effect are *George* v. *Haverhill*, 110 Mass. 506; *Whitford* v. *Southbridge*, 119 Mass. 564; *Lyman* v. *Amherst*, 107 Mass. 339; *Mahoney* v. *Metropolitan Railroad*, 104 Mass. 73; *Thomas* v. *Western Union Telegraph*, 100 Mass. 156; *Worden* v. *New Bedford*, ante, 23.

In *Mahoney* v. *Metropolitan Railroad, ubi supra*, it was held "that the fact that the plaintiff saw the obstruction created by the defendant, and knew its dangerous character, is not conclusive proof that he was negligent in attempting to pass it. A person who, in the lawful use of a highway, meets with an obstacle, may yet proceed if it is consistent with reasonable care so to do; and this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party. In the case at bar, if the plaintiff had reasonable cause to believe that he could pass the obstruction in safety, and used reasonable care in the attempt, he is entitled to recover."

It is evident that an obstruction may be of such a character that a court can say, as a matter of law, that no person in the exercise of reasonable prudence would attempt to pass over it; but the accumulation of snow and ice, such as is described in the exceptions in this case, does not in our opinion constitute such an obstruction.

It is contended by the defendant that the law in this respect is not the same in actions where the injuries are received on entering or leaving buildings which the plaintiff has expressly or impliedly been invited to enter by the defendant, who, as owner or occupant, is under an obligation towards him to keep them in a safe condition, as in actions where the injuries are occasioned by defects in public highways. It is difficult to see any ground for this contention. That contributory negligence on the part of the plaintiff will prevent him from maintaining his action is a common law principle applicable to both of these

classes of actions and to many others, and is independent of the statutes which impose a liability on towns for injuries received through defects or want of repair in highways. Those statutes in this Commonwealth may affect the degree of care required of the defendant, but do not touch the degree of care required of the plaintiff. The same conduct of the plaintiff under the same circumstances must, under the rule of the common law, be held to be contributory negligence in all actions to which that rule applies. Nor do we find that any such distinction is supported by authority, although courts may not always have been consistent either with themselves or with other courts in deciding in the many different cases that have arisen what in law amounts to contributory negligence.

*Wilson* v. *Charlestown*, 8 Allen, 137, cited by the defendant, was an action against a city for injuries received through a defect in the highway, and, whether consistent or not with the later decisions of this court, is not an authority for the distinction suggested. In the case at bar, there was no contract or relation between the parties whereby the plaintiff assumed any risks or obligations other than those imposed on him by the general principles of law.

We think the law in a case of this kind is, that only when the nature of the obstruction is such that the court can say that it is not consistent with reasonable prudence and care that any person having knowledge of the obstruction should proceed to pass over it in the manner attempted, can the court rule that such knowledge prevents the plaintiff from maintaining his action; and that the nature of the obstruction in this case, as shown by the exceptions, was such that it ought to have been submitted to the jury to determine whether the plaintiff, even if he knew the condition of the sidewalk at the time he attempted to pass over it, was, under the circumstances, in the exercise of reasonable prudence and due care in attempting to pass over it in the manner he did.     *Exceptions sustained.*