NELLA H. POMEROY *vs.* INHABITANTS OF WESTFIELD.
DEXTER C. PHELON *vs.* SAME.

Hampden.    September 22, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Defective Highway — Due Care — Volunti non fit injuria.*

In an action for personal injuries, alleged to have been caused by a defect in a highway, there was evidence that the travelled part of the way at the point in question was thirteen or fourteen feet wide, and that more than half of this on the plaintiff's left as he was driving thereon in the night-time was made impassable, or was in such condition that it was prudent to avoid it, by a deep mud-hole therein which left barely room for one wagon to pass; and that the plaintiff, who was well acquainted with the road and understood its dangers and was on his way home, kept to the right in the effort to avoid the hole, and in the darkness went off the travelled part of the way and was upset by a ditch or rock within its limits, and injured. *Held,* that the questions whether there was a defect, and whether the plaintiff was in the exercise of due care, were for the jury.

TWO ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs respectively by an alleged defect in a highway which the defendant town was bound to keep in repair. The cases were tried together in the Superior Court, before *Mason,* C. J., who allowed a bill of exceptions, in substance as follows.

There was evidence that the highway in question was a much travelled way leading from Westfield in a westerly direction to Granville; that on April 14, 1890, in the evening, the plaintiff Phelon started to drive home from Westfield to his home in Granville along this way, accompanied by the plaintiff Pomeroy; that his horse was safe and his wagon and harness suitable, and he was well acquainted with the road and its condition; that, in driving, the plaintiff Phelon sat on the right hand side of the wagon seat towards the northerly side of the road; that the portion of the road where the defect was alleged to exist was lined with trees on either side, and when they approached it at about nine o'clock it was very dark; that at the point in question was a covered stone culvert extending entirely across the way, and a short distance to the east of it a rock cropped out within the way projecting above the surface from three to six

inches; that the travelled part of the way was from thirteen to fourteen feet in width, and had been wrought for travel during the year before; that within the way as thus wrought, towards the southerly or left hand side thereon as the plaintiff was driving, there was on either side of the culvert a mud-hole from five to seven feet in length running with the road and from five to six feet in width, in which the mud was from six to eighteen inches deep; that west of the culvert, and on the northerly side of the road, was a ditch or gutter, which was about one and a half feet below the level of the road and was made in building the road; that scattered along the northerly side of the way, west of the culvert and north of the ditch, were from ten to twelve pieces of rock, some of which had been blasted out of the road and deposited there, and the nearest of which was within three feet of the travelled part of the way; that this condition of things had existed for two or three weeks, and during that time, as the plaintiff Phelon had noticed, teams going over the road had kept on the northerly side thereof until the culvert and the mud-holes were passed; that north of the mud-holes and between them and the ditch the road was comparatively hard, and the driving there was better than on the southerly side; that the space thus travelled between the mud-holes and the ditch was barely sufficient for one team to pass; that just before the plaintiffs reached the projecting rock, the plaintiff Phelon, knowing that he was coming to a dangerous place and that the horse was accustomed to the road and knew more about going in the dark than he did, allowed his horse in the darkness to go unguided around the mud-holes and past the culvert; and that the horse walked past the first mud-hole of the culvert and for ten or twelve feet beyond it, and then started to trot, when the wagon was in a moment tipped over, and the plaintiffs were thrown out, the plaintiff Pomeroy striking upon a rock about six feet from the travelled part of the way nearly opposite the westerly mud-hole, and both were injured.

The defendant requested the judge to rule that there was no evidence to warrant a finding that there was a defect, or that the plaintiffs, or either of them, were in the exercise of due care; but the judge declined so to rule, and submitted the cases to the jury.

The jury returned a verdict for the plaintiff in each case ; and the defendant alleged exceptions.

*H. W. Ely*, (*A. S. Kneil* with him,) for the defendant.

- *M. B. Whitney*, for the plaintiffs.

HOLMES, J.    These are actions for personal injuries alleged to have been caused by a defect in a highway.    There was evidence that the travelled part of the way, at the point where the plaintiffs left it, was thirteen or fourteen feet wide, and that more than half of this part, on the plaintiffs' left as they were driving, was made impassable, or at least was in such a condition that it was prudent to avoid it, by reason of a deep mud-hole, so that there was left barely room for one team to pass ; that the plaintiffs kept to the right in the effort to avoid the hole, and, it being dark, went off the travelled part of the way, and were upset by a ditch or rock within the limits of the way. The question is whether the judge should have directed a verdict for the defendant, on the ground either that there was no evidence of a defect, or that there was no evidence of due care on the part of the plaintiffs.

The jury were warranted in finding that the mud-hole was a defect, and that under the circumstances the injury to the plaintiffs was a natural consequence of a proper attempt to keep out of the hole.    The intervention of a prudent act of this sort on the plaintiffs' part would not prevent their recovery.    *Flagg* v. *Hudson*, 142 Mass. 280.    *Hayes* v. *Hyde Park*, 153 Mass. 514.

The strongest argument for the defendant would be, that, although there is evidence of a defect, and although the conduct of the plaintiffs at the instant was prudent, yet they, or at least the plaintiff Phelon, the driver, had taken the risk upon themselves at an earlier moment by electing to travel upon the road, inasmuch as Phelon was well acquainted with the road and understood its dangers.    *Miner* v. *Connecticut River Railroad*, 153 Mass. 398.    Perhaps this argument might be met by saying that it was a question for the jury in this case whether Phelon did understand the dangers fully.    *Ferren* v. *Old Colony Railroad*, 143 Mass. 197, 200.    In one sense, the event proves that he did not, since he undoubtedly expected to get through safely. *Thomas* v. *Western Union Telegraph*, 100 Mass. 156, 158.    *Mahoney* v. *Metropolitan Railroad*, 104 Mass. 73, 75.    *Dewire* v. *Bailey*, 131 Mass. 169, 171.

But, further, in determining the right of a plaintiff to recover, there are two elements to be considered ; first, how far he is chargeable with knowledge of the danger which he incurred, and then under what exigency he acted. That is to say, the exigency legitimately may affect not only the question how far he appreciated or ought to have appreciated the danger, but also how far he could run a risk known to be greater than prudently could be incurred under ordinary circumstances without losing his right to recover in case he was hurt. Especially is this true in cases like the present, where the parties are not in an equal position. The plaintiffs were away from home, and had to get back. They depended on the defendant for safety in doing so, and it was the defendant's power and duty to keep the way free from defects.

In such a case, even if it were found that the plaintiffs knew that they were attempting a dangerous drive, it could not be said, as matter of law, that they were not warranted in doing so. The decisions have carried this principle much further than is necessary for the purposes of the case at bar. *Linnehan* v. *Sampson*, 126 Mass. 506. *Eckert* v. *Long Island Railroad*, 43 N. Y. 502. *Pennsylvania Co.* v. *Langendorff*, 48 Ohio St. 316. *Donahoe* v. *Wabash, St. Louis, & Pacific Railway*, 83 Misso. 560. *Maus* v. *Springfield*, 101 Misso. 613, 618.

*Exceptions overruled.*