CATHARINE C. McGUINNESS *vs.* CITY OF WORCESTER.

Worcester.    October 6, 1893. — January 2, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Defect upon Sidewalk — Instructions — Due Care — Duty of City to sand Sidewalk covered with Ice and Snow.*

In an action against a city for personal injuries occasioned by an alleged defect upon a sidewalk, the defendant's counsel having argued to the jury that the plaintiff could not maintain his action because he knew of the defect and concluded to take his risk, his own counsel asked the ruling that, if he "saw the ice before crossing it and did not fully comprehend the danger by reason of the fact that it was not light, or otherwise, he would not be precluded from recovering." The judge gave the ruling with additional instructions, substantially that the plaintiff's conduct was to be tried by that of ordinarily intelligent and prudent persons in like circumstances, and that if he took a risk which such persons would have avoided he did so at his peril. *Held,* that the instructions were correct.

In an action against a city for personal injuries occasioned by an alleged defect upon a sidewalk, the plaintiff cannot complain of a ruling as to whether her knowledge of the defect was a bar to the action, if it was given in the words of her request.

The Pub. Sts. c. 52, requiring ways to be so kept in repair as to be reasonably safe and convenient for travel, do not specify the means to be employed, and by their silence leave the choice of methods to those upon whom the duty is imposed.

TORT, for personal injuries occasioned to the plaintiff by reason of an alleged defect of uneven ice and snow upon the sidewalk of

a street of the defendant city. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. A. Gile*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

BARKER, J. The defendant's counsel having argued to the jury that the plaintiff could not maintain her action because she admitted in her testimony that she knew of the defect and concluded to take her risk, her own counsel asked the court to rule that, if she " saw the ice before crossing it and did not fully comprehend the danger by reason of the fact that it was not light, or otherwise, she would not be precluded from recovering." The court gave the ruling in the words of the request, but supplemented it by further instructions, to which the plaintiff excepted, and the first question raised is whether the additional instructions were correct. They were, in substance, that if a person of ordinary intelligence would have been unable to comprehend the danger by reason of its obscurity, resulting from the absence of light or otherwise, and a person of ordinary prudence would have ventured, the plaintiff's knowledge of the danger would not, as matter of law, preclude her from recovering, but would be merely an element in determining whether she was in the exercise of due care ; but if a person of ordinary prudence would have appreciated and avoided the danger, then she must be held to have appreciated it, and if under such circumstances she determined to cross the ice she did so at her peril, and could not recover.

It is familiar law that knowledge of a defect in the highway does not preclude a traveller from recovering, but is merely an incident to be considered by the jury in determining whether the traveller was in the exercise of due care. *Reed* v. *Northfield*, 13 Pick. 94. *Lund* v. *Tyngsboro*, 11 Cush. 563. *Horton* v. *Ipswich*, 12 Cush. 488. *Smith* v. *Lowell*, 6 Allen, 39. *Frost* v. *Waltham*, 12 Allen, 85. *Whittaker* v. *West Boylston*, 97 Mass. 273. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156. *Mahoney* v. *Metropolitan Railroad*, 104 Mass. 73. *Lyman* v. *Amherst*, 107 Mass. 339. *Barton* v. *Springfield*, 110 Mass. 131. *Whitford* v. *Southbridge*, 119 Mass. 564. *Dewire* v. *Bailey*, 131 Mass. 169. *Kelly* v. *Blackstone*, 147 Mass. 448. *Pomeroy* v.

*Westfield*, 154 Mass. 462.    *Norwood* v. *Somerville*, 159 Mass. 105. And it has been stated as a general principle that previous knowledge of a danger is not conclusive evidence of negligence in failing to avoid it.    *Coombs* v. *New Bedford Cordage Co.* 102 Mass. 572, 585.    *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 161.    See also *Snow* v. *Housatonic Railroad*, 8 Allen, 441; *Looney* v. *McLean*, 129 Mass. 33.    This doctrine was recognized by the presiding justice in the case at bar, and he would doubtless have embodied it in his own words in his instructions to the jury, if the request for the specific ruling given had not been presented, and the plaintiff cannot complain because it was given to the jury in the language chosen by her counsel.

But when the jury had been thus told that, if for any reason she did not comprehend the danger, she would not be precluded from recovering by the fact that she saw the ice before attempting to cross, it was also the duty of the presiding justice to give them the law to be applied in determining whether the plaintiff, though not precluded by her knowledge of the defect, was under all the circumstances in the exercise of ordinary care.    The additional instructions excepted to were pertinent to this branch of the case, and when so considered were correct.    They were, in substance, that her conduct was to be tried by that of ordinarily intelligent and prudent persons in like circumstances, and that, if she took a risk which such persons would have avoided, she did so at her peril.    This was correct, not because of the doctrine *Volenti non fit injuria*, but because so taking the risk was negligence, and the language used by the presiding justice was merely a way of saying that such conduct was not ordinary care. In *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156, 158, Hoar, J. says: " If a party, with full knowledge of the existence of an obstruction or defect in a highway, wilfully or recklessly keeps on, and involves himself in danger which he had no reasonable cause to believe that he could successfully encounter, he acts at his own risk, and must take the consequences."    It is plain that the reason why he acts at his own risk is that it is negligence, and not due care, for one under such circumstances to involve himself in a danger which he has no reasonable cause to believe that he can successfully encounter.    In dealing with the same doctrine in *Dewire* v. *Bailey*, 131 Mass. 169, 172, Field, J. says,

" That only when the nature of the obstruction is such that the court can say that it is not consistent with reasonable prudence and care that any person having knowledge of the obstruction should proceed to pass over it in the manner attempted, can the court rule that such knowledge prevents the plaintiff from maintaining his action "; and here again it is negligence, or want of ordinary care, which bars the recovery. In *Norwood* v. *Somerville, ubi supra,* relied on by the plaintiff, the verdict was against the city, and all that was said by this court of the instruction dealing with the plaintiff's knowledge of the defect was that it was at least sufficiently favorable to the city.

The plaintiff's contention that the ruling was erroneous, because it required the jury to try her conduct by that of ordinarily intelligent and prudent persons, is wholly untenable. All travellers who have arrived at years of discretion, and are subject to no disability which should take them out of the class of persons possessed of the ordinary faculties, are guilty of negligence if they fail to use the care of persons of ordinary intelligence and prudence in like circumstances. The case of *Barton* v. *Springfield,* 110 Mass. 131, is relied on by the plaintiff as an authority for her contention that, if she used her own best judgment under the circumstances as they appeared to her, she is entitled to recover ; but in that case the jury were also told that it was necessary for the plaintiff to prove affirmatively that she was in the exercise of due and ordinary care ; and in the opinion Mr. Justice Colt says, " That circumspection only is required which prudent men ordinarily use." It is too obvious for discussion that such is the rule applied to all ordinary persons, and that no qualification of it can logically, or consistently with the authorities, be made in the case of an individual of that class. See *Leistritz* v. *American Zylonite Co.* 154 Mass. 382, 384. In the plaintiff's brief her counsel states that the question was whether she was precluded from recovering by her own want of due care and diligence. Upon this question the rulings excepted to were correct. The presiding justice was not asked to rule that knowledge of the defect, however full and clear, would not of itself prevent the plaintiff from maintaining her action. Upon the question of the effect of her knowledge the jury were instructed as she requested, and the additional rulings were upon the question of due care.

The other exceptions are to the refusal to rule that, if sanding the walk would have prevented the injury, and was a reasonable duty on the part of the defendant, the plaintiff could recover, and to the instruction that there was no specific duty on the part of the city to sand its streets or sidewalks. The instruction given was correct. The statute requiring ways to be so kept in repair as to be reasonably safe and convenient for travel does not specify the means to be employed, and by its silence leaves the choice of methods to those upon whom the duty is imposed. Pub. Sts. c. 52. The ruling requested was properly refused. It leaves out the element of the plaintiff's care, and it might have led the jury to infer that it was a reasonable duty on the part of the city to sand a walk which was merely smooth and slippery from level ice formed by natural causes which were not special to the place where she fell, when the walk was not otherwise defective.                *Exceptions overruled.*