## EDWARD FOX *vs.* CITY OF CHELSEA.
## EDWARD FOX, administrator, *vs.* SAME.

Suffolk.    March 18, 1898. — May 20, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Negligence of Water Commissioners — Liability of City — Due Care — Law and Fact — Instructions — Exceptions — New Trial — Discretion of Justice.*

If the water commissioners of a city, in digging a trench for the purpose of laying pipes to supply the inhabitants with water, act as agents of the city, and are negligent in not sufficiently lighting the excavation and in not maintaining proper barriers to keep travellers from walking into it, the city is liable for injuries caused by such negligence.

Upon a bill of exceptions this court cannot pass on the weight of the evidence, if there was any evidence which tended to establish the facts found by the jury.

Where a person, in going from the sidewalk of a street towards a street car to get upon it after dark, is injured by falling into a trench between the curbstone and the railway track made for the purpose of laying water pipes, if, in an action for his injury, there is evidence tending to show that the excavation was insufficiently lighted and proper barriers were not maintained, the question of his due care is for the jury.

If a person, in going from the sidewalk of a street towards a street car to get upon it after dark, is injured by falling into a trench between the curbstone and the railway track made for the purpose of laying water pipes, the city, in an action against it for the injury, is not entitled to have the jury instructed that " only those using streets for legitimate purposes, in the usual and ordinary mode, can claim indemnity for injuries caused solely by defects in high-

ways," and that, if the plaintiff, at the time of his injury, was using the street in an extraordinary mode, the action could not be maintained.

In an action for personal injuries received, in going from the sidewalk of a street towards a street car to get upon it after dark, by falling into a trench between the curbstone and the railway track, made for the purpose of laying water pipes, the judge refused to instruct the jury, as requested by the defendant, that if the jury found that the plaintiff "received the injuries complained of while voluntarily attempting to pass over a dangerous place, knowing it to be dangerous, or which, by the exercise of ordinary prudence," he "ought to have known to be dangerous, those facts would be conclusive evidence of want of due care on his part"; and instructed them that, if the plaintiff knew that the trench was there, and voluntarily walked into it, he could not recover. *Held*, that the defendant had no ground of exception.

In an action against a city for personal injuries received, in going from the sidewalk of a street towards a street car to get upon it after dark, by falling into a trench between the curbstone and the railway track made for the purpose of laying water pipes, the defendant is not entitled to have the jury instructed that, "where barriers have been placed by a city along and about a trench dug in its street, to guard it against travellers falling into the trench, and have been removed by a stranger during the night, and during that night, and before the city has any knowledge or notice of such removal, a traveller on the street walks or falls into the trench" and is injured, he cannot maintain an action against the city.

An order overruling a motion for a new trial is within the discretion of the judge, and is not a subject for an exception.

TWO ACTIONS OF TORT, the first being for loss of the services and society of the plaintiff's wife, Sarah Fox, and for expenses incurred by him, by reason of her falling into a trench in Everett Avenue in the defendant city; and the second being for personal injuries sustained by her at the time of such accident, which resulted in her death. The cases were tried together in the Superior Court, before *Hardy*, J.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions. The facts appear in the opinion.

*E. O. Bicknell*, (*G. M. Stearns* with him,) for the defendant.

*S. L. Whipple & D. T. Montague*, (*W. Keyes* with them,) for the plaintiff.

KNOWLTON, J. The plaintiff brings one of these actions in his own right, and the other as administrator of the estate of his deceased wife, to recover damages growing out of her fall into a ditch dug by the water commissioners of Chelsea in one of the principal streets of that city.

It was undisputed that a series of excavations had been made

under the direction of the water commissioners along Everett Avenue between the street railway track and the curbstone near the junction of Broadway and Everett Avenue, for the purpose of laying water pipes to supply the inhabitants with water. At about ten o'clock in the evening an electric car had come from Everett through Everett Avenue, and had encountered a disabled car which it pushed down to a point near the crosswalk at the junction of the avenue with Broadway, where it stopped and was about to return. The conductor called out, " Car for Everett, Malden, and Melrose," and the plaintiff and his wife, who were then a short distance away on Broadway, started in the direction of the car, passed from the corner of Broadway and Everett Avenue a short distance up on the westerly side of Everett Avenue, and then went from the sidewalk towards the car to get upon it, when the plaintiff's wife fell into the trench and was injured. There was a conflict of testimony in regard to the light at that point. Three witnesses testified that it was very dark, and there was evidence tending to show that between the two lanterns set upon the horse just by the crosswalk at the junction of the streets, and a lantern some distance beyond the second car going towards Everett, there was no light. There was an electric light near the junction of the streets, but there was some testimony that it was then rather dim, and the evidence tended to show that the two cars with curtains down on one side cut off the light which otherwise would have come to the place of the accident. A watchman, who was stationed there to look after the lights and see that travellers were warned against the excavations, had gone away for a while to a position about three hundred feet from the place of the accident. There was some evidence that one lantern which had been relied on to give light was, soon after the accident, found in the trench near where the plaintiff's wife fell, and other evidence tending to show that a horse put near there as a barrier had been moved out of its place. The evidence introduced by the defendant tended to show that the place was well lighted and sufficiently watched.

The evidence was ample to show that the water commissioners in digging the ditch were acting as agents of the city, and that the city was responsible for their negligence in leaving

excavations insufficiently lighted in the streets. *Oliver* v. *Worcester*, 102 Mass. 489, 497. *Hand* v. *Brookline*, 126 Mass. 324. *Neff* v. *Wellesley*, 148 Mass. 487. *Stoddard* v. *Winchester*, 157 Mass. 567.

There was evidence which tended to show negligence in not sufficiently lighting the excavations, and in not maintaining proper barriers to keep travellers from walking into them. Upon a bill of exceptions, this court cannot pass upon the weight of evidence, if there was any evidence which tended to establish the facts found by the jury.

We are also of opinion that there was evidence for the consideration of the jury tending to show that the plaintiff's intestate was in the exercise of due care. The place was one where she well might expect that she could walk in safety. If it was as dark there as some of the witnesses testified, her fall was not necessarily inconsistent with the exercise of reasonable care. Up to the moment when she fell, she was going on in the ordinary way, apparently taking as much precaution as is usual when one has no reason to expect danger. While there was evidence tending to show that she was not as careful as she ought to have been, the question was not one of law for the court, but of fact for the jury.

The second request for instructions was rightly refused.*

---

* The instructions requested were as follows:

"2. Only those using streets for legitimate purposes, in the usual and ordinary mode. can claim indemnity for injuries caused solely by defects in highways, and if, at the time when the plaintiff's intestate received her alleged injuries, she was using Everett Avenue, or any part thereof, in an extraordinary mode or manner, neither of these actions can be maintained.

"3. If the jury find, by a fair preponderance of the evidence, that the plaintiff's intestate received the injuries complained of while voluntarily attempting to pass over a dangerous place, knowing it to be dangerous, or which, by the exercise of ordinary prudence, using proper foresight, and by giving reasonable heed to her steps and attention to objects before and about her she might and ought to have known to be dangerous, those facts would be conclusive evidence of want of due care on her part. . . .

"5. Where barriers have been placed by a city along and about a trench dug in its street, to guard it against travellers falling into the trench, and have been removed by a stranger during the night, and during that night, and before the city has any knowledge or notice of such removal, a traveller on the street walks or falls into the trench by reason of the removal of the barrier, and thereby receives injuries, he cannot recover damages therefor in an action against the city."

There was no evidence that the plaintiff's intestate was using the street for an illegitimate purpose, or in a way which would deprive her of the ordinary rights of travellers.

So far as the third request was applicable to the evidence, it was given in the sense in which it was made. By the term " dangerous place," the defendant's counsel probably meant a place so dangerous that it would be improper and negligent to attempt to pass over it. In that sense of the words the request was correct. The jury were explicitly instructed that, if the plaintiff's intestate knew that this trench was there, and voluntarily walked into it, the plaintiff could not recover. This was all that the defendant could desire on this point. If the instruction were taken to mean by the word. " dangerous " merely not perfectly safe, it would be incorrect. The mere fact that a way is defective does not necessarily show it to be negligence to attempt to pass over it. *Barton* v. *Springfield*, 110 Mass. 131. *McGuinness* v. *Worcester*, 160 Mass. 272.

The exception to the refusal to give the fourth instruction requested has not been argued, and we treat it as waived.

The fifth request for instructions was also rightly refused. It left out of view the duty of a city in a case like this to take proper precautions to prevent the removal of lights or barriers, or to ascertain the fact and replace them speedily if they are removed. *Prentiss* v. *Boston*, 112 Mass. 43. *Blessington* v. *Boston*, 153 Mass. 409.

The order overruling the motion for a new trial was within the discretion of the court, and was not a subject for an exception.

*Exceptions overruled.*