Pettingell, P. J.
This is an action of tort, tried with two other actions against the defendant, the facts and the issues of law being identical in all three cases. In each case, after a finding for the plaintiff, the defendant claimed a report and the appeals came to this Division as three separate cases. There is no reason apparent why the three cases could not have been consolidated in one report, thus saving duplication of effort, time and paper, and gaining in convenience and brevity.
The two cases tried with the instant case are those of this plaintiff’s minor children against same defendant and are Edward Skaradzinksi p.p.a. v. Nestle’s Milk Products, Inc., District Court of Chelsea, No. 176 of 1941, Appellate Division, No. 3816, and Pauline Skaradzinski v. Nestle’s Milk Products, Inc., District Court of Chelsea, No. 178 of 1941, Appellate Division, No. 3818.
*233 There was evidence tending to show the following:
The plaintiffs, Edward, aged 12, and Pauline, aged 14, lived with their mother, this plaintiff. On the day in question, the mother, in the course of getting breakfast, took from the ice chest a can of evaporated milk packed by the defendant, and punched two holes in the top: of the can. The can appeared to the mother to be in perfect condition. It was not bent or bulged and the label was not torn. A witness who saw the can the next day testified that other than, the cut cover, the can appeared to be in perfect condition.
As Edward was in a hurry to get to church, his mother served him first, giving him a cup of coffee into which she had poured some of the milk. The milk appeared perfectly normal as she poured it out and she noticed nothing wrong either in its appearance or its odor.
As Edward began to drink the coffee, he noticed a bad taste and announced that it tasted rotten. His mother pour-the coffee into the sink and made him another cup. He tasted that and repeated that it tasted rotten. Thereupon his sister, Pauline, tasted her cup and told her mother that there was something wrong with the coffee. The mother insisted that there was nothing the matter with it and started to drink her coffee but after drinking about one half a cup, found that it did not taste right — had a peculiar taste— was sour.
Thereupon she opened the can with a can opener, finding that the inside of the can was all rusty, that there was a greenish mold in it like a solid green substance, with greenish lumps in it; that there was' a stinking odor, a pulcy smell; that the milk was spoiled.
The plaintiffs who were all in good health before the occurrence were made sick as a result of drinking the coffee with the milk from the can in it. There was testimony that the illness was caused in that way.
*234 The defendant filed the following request for a ruling:
“Upon the pleadings, the law and all the evidence, the plaintiff cannot recover because (a) The evidence does not warrant a finding ‘that the defendant, its agents or servants, wholly regardless of its duties in this respect, negligently and carelessly made some canned mile which contained a dangerous foreign substance and was unfit for human consumption’ (quoted from declaration). (b) The plaintiff was not in the exercise of due care, (c) The evidence does not warrant a finding that the canned milk was other than wholesome when it left the defendant’s possession.”
The trial judge denied all three parts of the defendant’s request.
At the oral argument, the defendant waived all claim of error as to the parts (a) and (c) of the ruling requested and denied.
The defendant’s contention, as to (b), is that the ruling in the form requested raises a question of law regarding the contributory negligence of the plaintiffs, and that the evidence required a finding for the defendant on this issue.
The plaintiffs contend that the ruling requested is within the scope of Rule 27, District Court Rules (1940 Ed.) and that, therefore, specifications were required; that there were no such specifications, and that the denial of the request was proper.
We are of opinion, however, that the request complies with the rule and contains the specification required by it. The defendant requests the court to rule that the plaintiff cannot recover because she was not in the exercise of due care. In effect the defendant asks for a finding of fact which once made will bar the plaintiff’s recovery.
Whether or not a plaintiff was in the exercise of due care is ordinarily a question of fact. Pitts v. Coulson, 265 Mass. 366, at 367. O’Connell v. Makeown, 270 Mass. 432, at 435. Perry v. Stansfield, 278 Mass. 563, at 572. Park v. Convey *235 ances Title Insurance and Mortgage Co., 285 Mass. 487, at 488. Pease v. Lenssen, 286 Mass. 207, at 208.
The defendant contends, however, that the plaintiff is bound by her, testimony to the effect that she drank her coffee, knowing the experience of her son with his and his remarks about it. In this we think that the defendant is mistaken in its contention that her testimony so bound her that a ruling of contributory negligence was required, as matter of law.
The plaintiff’s son complained about the taste and the smell of the coffee. At no time did he mention the milk. Nothing that the son said directed the mother’s attention to the milk. There was nothing that occurred that pointed out anything other than that the taste and smell of the coffee was bad, nothing that indicated that danger existed in drinking it. At that time the boy had not been made sick, and made no claim of being sick. As far as the mother was concerned, his complaint could have been that of a finicky child, not an unknown experience in households where there are children. There was as yet nothing to warn her of danger. The boy’s statement as to the taste and smell of the coffee did not go that far.
Even if the boy’s complaint had been sufficient in itself to call the mother’s attention to the fact that danger existed in drinking the coffee, that fact alone was not enough to make her act in subsequently drinking her cup of coffee contributory negligence.
“Mere knowledge that some danger exists is not conclusive evidence of the negligence of one who fails to avoid it. ’ ’ Barnes v. Berkshire Street Railway, 281 Mass. 47, at 50. Reed v. Northfield, 13 Pick 94, at 98. Smith v. City of Lowell, 6 Allen 39, at 40. Snow v. Housatonic Railroad Co., 8 Allen 441, at 450. Frost v. Waltham, 12 Allen 85, at 86. Whittaker v. Inhabitants of West Boylston, 97 Mass. 273, at 274. Thomas v. Western Union Telegraph Co., 100 Mass. *236 156, at 158. Barton v. Springfield, 110 Mass. 131, at 132. Looney v. McLean, 129 Mass. 33, at 36. Dewise v. Bailey, 131 Mass. 169, at 170, 172. McGuinness v. Worcester, 160 Mass. 272, at 273-275. Frost v. McCarthy, 200 Mass. 445, at 447-449. Barton v. Boston, 301 Mass. 492, at 494. Carreira v. Atlantic Amusement Co., 302 Mass. 81, at 83. Sullivan v. Saugus, 305 Mass. 127, at 131, 132.
In many of the cases cited, the plaintiff knew facts which gave notice of the particular danger to be faced; nevertheless, that notice was not conclusive on the question of due care. In the plaintiff’s case, she had notice that possibly something was wrong about the coffee-; the notice to her was no stronger than that. As in the cases just cited, the question of her due care remained a question of fact for the jury.
We are of the opinion that the plaintiff was not bound by her testimony to such a degree as to make the issue one of law. Neither was there anything in the form of the request to raise a question of law. As was said in Howard v. Malden Savings Bank, 300 Mass. 208, at page 211,
“There was no error in the denial of the plaintiff’s first request that ‘upon all the evidence, the plaintiff is entitled to recover.’ Clearly this is not a request for a ruling that the evidence warranted a finding for the plaintiff. It is materially different from the request considered in Bresnick v. Heath, 292 Mass. 293, 296, (There is evidence to warrant the court to find for the plaintiff.) The judge was not required to grant this request unless, as matter of law, a finding for the plaintiff was required, even though, as we need not decide, such a finding would have been permissible. Such a finding was not required as matter of law.”
The cases already cited show that a finding of fact had to be made before the defendant’s request could have been given..
No prejudicial error appearing, the report is to .be. dismissed.