## Thomas B. Kenyon v. Daniel S. Woodward.

*Judgment: Declaration: Amendment.* Judgment was rendered in the Circuit Court for $603.25 upon a declaration with an *ad damnum* of $500.

Subsequent to the suing out of a writ of error thereon by the defendant, but before the return or return day thereof, the court, on motion of said defendant, made an unconditional order allowing an amendment of the declaration *nunc pro tunc* from $500 to $700.

*Held,* that as there was no issue for trial before the jury for an amount above $500, such judgment was erroneous, and that the error could not be cured by such an amendment.

*Held further,* that the Circuit Court should either have allowed the plaintiff below to remit the excess of the judgment, above the *ad damnum* in the declaration, or to make the amendment, on condition of assenting to a new trial, if defendant so elected.

*Record entry: Clerical mistake.* When the record does not contain the regular entry as to the empaneling of the jury and proceedings to trial, but enough appears to show that the jury was empaneled and that the trial proceeded; *held,* that such omission is merely clerical, and is cured by the statute.—*2 Comp. L.* §§ 4417, 4419, 4420.

*Heard January 9th.     Decided January 10th.*

Error to Kalamazoo Circuit.

This was an action to recover the amount due upon a promissory note. The declaration ˙was on the common counts, with a copy of the note. The *ad damnum* was for $500.

Judgment was rendered for plaintiff for $603.25.

The journal entry of the verdict was in the following words:

"The jury heretofore empaneled in this cause sat together and heard the conclusion of the testimony, the arguments of counsel and the charge of the court, retired from the bar thereof in charge of Albert J. Lanckton, an officer of court

duly sworn for that purpose, to consider of their verdict to be given, and after being absent for a time returned into court and say upon their oath that the said defendant did undertake and promise in the manner and form as the said plaintiff hath in his declaration complained against him; and they assess the damages of the said plaintiff on occasion of the premises over and above his costs and charges by him about his suit in this behalf expended, at the sum of six hundred and three dollars and twenty - five cents."

After a writ of error had been sued out by defendant below, but before a return thereto had been made, the court below, on motion of plaintiff's attorney, permitted the declaration to be amended by increasing the *ad damnum* from $500 to $700.

*Arthur Brown*, for plaintiff in error.

1. The judgment - record is not complete. It does not show affirmatively the names of the jury, or that they were empaneled or sworn.— 1 *Mich.* 227; *Comp. L.* §§ 3425, 4392. It is, therefore, void.

2. There is a variance between the verdict, together with the judgment entered thereon, and the declaration filed in the case, in that the verdict and judgment was for the sum of $603.25, while the damages laid in the declaration are only $500.

The rule is universal that the damages can in no case exceed the amount claimed in the declaration.— *Green's Pr.* 142, § 461; 1 *Burrill's Pr.* 238; 2 *Pars. on Cont.* 443.

And whenever the excess is not remitted, judgment will be reversed and a new trial granted for that cause. — 7 *Wend.* 330; 2 *N. H.* 322; 16 *Mass.* 74; 14 *Pick.* 191; 24 *Ill.* 196; 1 *Chitty on Plead.* 339; 4 *Denio*, 311; 2 *Greene, Ia.* 154; 3 *Cal.* 396; 17 *Johns.* 111; 1 *Blackf.* 213.

3. The court below erred in permitting an amendment of the record after writ of error was brought, and more than two years after judgment was entered.

KENYON v.° WOODWARD.

*a.* The Circuit Court had no jurisdiction to make any amendment after writ of error was brought.— 7 *Mich.* 454; 8 *Id.* 136.

*b.* The variance between the declaration and the final entry of verdict and judgment must be reformed, if at all, in conformity with the declaration; not with the judgment, as our statute of Jeofails provides that "Any variation in the record from any process, pleading or proceeding had in such cause shall be reformed and amended according to such original, process, pleading or proceeding."— *Comp. L.* § 4417.

And it is only for "defects or imperfections in form" that the Circuit Court is authorized to amend the declaration after judgment.

*c.* The damages laid in the declaration can be increased only by granting a new trial.— *Green's Pr.* 443; 3 *Wend.* 356; 10 *Id.* 606; 14 *Pick.* 191; 2 *Seld.* 104; 3 *Duer,* 691; 4 *Mann. and G.* 844; 17 *Johns.* 111.

*d.* Amendments after judgment were not allowed at the common law, and are authorized now only by the terms of the statute.— 1 *Burrill Pr.* 475; 3 *Black. Com.* 411; 1 *Comyn. Dig.* 565.

4. Amendments made by the Circuit Court may properly be reviewed by this court, when the authority and power of the Circuit Court to make such amendment is in question.— 1 *Doug. Mich.* 320, 434; 2 *Id.* 498; 8 *Mich.* 136.

*Stuart, Edwards and May,* for defendant in error.

1. It is clear, from the whole record, that a jury was sworn in the cause, and that the omission to mention the names of the jurors in the journal was purely a clerical mistake of the clerk.

In such a case this court will presume the proceedings to have been regular, especially when the mistake can not affect the rights of the plaintiff in error, and when the clerk is out of office, and his minutes lost.— 1 *Doug. Mich.* 306; 6 *Mich.* 474.

KENYON v. WOODWARD.

The journal entry of May 9th, 1865, shows clearly that a jury was empaneled and sworn in the cause. The statute is quite broad enough to cover the mistake.— 2 *Comp. L.* 1201, §§ 4419, 4420; 12 *Mich.* 16.

2. Errors in mere matters of form may be passed over as if already amended.— 6 *Mich.* 488, 491, 493; 4 *Johns.* 499, 508; 8 *Cow.* 623, 652, 656; 33 *Me.* 350; 53 *Id.* 174; 35 *N. Y.* 125.

3. There is nothing in the record which tends to show that the plaintiff in error has suffered the slightest injury from any informalities or irregularities in the case. The errors complained of work no injury. This court will only correct such errors as have been committed adversely to the interest of the party suing out the writ.— 6 *Mich.* 287; 10 *Id.* 9; 12 *Id.* 427; 4 *Hill,* 276.

4. The Circuit Court properly allowed the amendment to the *ad damnum* clause of the declaration. The fact that a writ of error had been served on the clerk did not deprive the Circuit Court of jurisdiction, especially until this court had become possessed of the case by the return of the record. The amendment was made before the return, and now appears as part of the record.

If the Circuit Court, at any time, would have the power to authorize such an amendment to be made, nothing would be gained by sending the record back to that court for amendment.

It is respectfully insisted that the Circuit Court has, under the statute, ample power to allow the amendment in aid of the verdict.— 2 *Comp. L. p.* 1200.

Nor does *O'Flynn v. Eagle,* 8 *Mich.* 136, conflict with this view. In that case the record had been in this court, and error assigned nearly a year before the record was amended in the circuit.

5. In New York under a similar statute ( *R. S. Title* 5, *Ch.* 7, *Part* 3 ), it is held that after assignment of errors and joinder in the Court of Errors, the Supreme Court may,

16 MICH. — W.

on motion amend the original record in matters of form.—
3 *Johns.* 99; 18 *Id.* 510; 6 *Cow.* 360, 590.

And such is clearly the rule in England.—1 *Term R.*
782; 1 *Taunt.* 126; 4 *Id.* 588; 2 *Ld. Raym.* 1570; *Cro.
Jac.* 628; 2 *Str.* 869; 1 *Roll. Abr.* 208.

6. The record in the case discloses the fact that when
this suit was commenced the *ad damnum* clause was suffi-
cient to cover the amount due on the note, but at the time
of trial the principal and interest were in excess.

GRAVES J.

This is a writ of error to the Circuit Court for the
county of Kalamazoo; and according to the return to the
writ the suit was commenced by attachment· in the court
below, on the 18th day of April, 1863, for a demand as
sworn to in the affidavit on which the writ issued, of five
hundred and thirty-one dollars and seventeen cents: That
on the 27th day of May following, the plaintiff below filed
his declaration, containing the general counts for work and
materials, and goods sold and delivered, and the ˙common
money counts, and alleged his damages to be five hundred
dollars, and set forth under the usual notice to give it in
evidence, the copy of a note dated February 1, 1858, for
$349.23, made by the plaintiff in error, and payable to
Holmes & Co., or bearer, one day after date, with interest,
at ten per centum per annum: That the plaintiff in error,
on the 27th day of June, 1863, pleaded the general issue,
accompanied by the usual notice that he would set off, on
the trial, an indebtedness from the defendant in error to
him of one thousand dollars: That on the first day of
May, 1865, the defendant in error demanded a jury: That
on the 9th day of the same month, a verdict was rendered
in favor of the defendant in error for six hundred and three
dollars and twenty-five cents, and judgment for that amount
entered on the verdict the day after.

It is shown to us that, on the 22nd day of May, 1867, and after the writ of error was issued, but before the return or return day thereof, the court below, on the motion of the defendant in error, based on the files and judgment, made an unconditional order allowing an amendment of the declaration *nunc pro tunc*, so as to raise the damages as laid from *five hundred* to *seven hundred* dollars.

The only material questions presented by this case arise out of the disagreement in amount between the sum laid as damages in the declaration, and that given by the verdict and judgment; and the subsequent attempt to cure the error by amendment.

That the verdict and judgment, in giving damages beyond the claim of the plaintiff below in his declaration, were erroneous, appears very plain, and seems to be conceded by the effort to alter the *allegation* of damage.

There was never any issue for trial before the jury for any amount above five hundred dollars, and the plaintiff in error had not only the right so to consider it, but was, by correct practice, required to measure his action accordingly; since nothing could properly be tried which was not within the issue.

As the plaintiff in error, therefore, has had no regular opportunity to controvert the right of the defendant in error to recover anything beyond five hundred dollars, it is quite apparent that while the verdict and judgment, over that sum were erroneous when given, the error could not be cured by the amendment which was made.

The court below had authority to allow the defendant in error to remit all over five hundred dollars, or to allow him to make the amendment sought, on the terms of assenting to a new trial if the plaintiff in error elected to have one. But the plaintiff in error has been compelled to come here, and we think that the judgment for any sum over five hundred dollars cannot be retained against him, while for the balance it ought to be allowed to stand.

We are therefore of opinion that the judgment as to all over five hundred dollars must be reversed; and be affirmed as to the residue; and that the plaintiff in error recover his costs in this court.

The objection taken to the omission from the record of the regular entry as to the empaneling the jury and proceeding to trial can not be maintained. There is enough in the return to show very clearly that a jury was empaneled and the trial proceeded with, and that the omission from the record was a clerical mistake. This we think is cured by the statute.—2 *Comp. L.* §§ 4417, 4419, 4420.

The other justices concurred.