## RUFUS THOMAS *vs.* WESTERN UNION TELEGRAPH COMPANY.

In an action against a telegraph corporation for injuries suffered by two horses drawing a wagon, which the plaintiff was driving on a public way, by reason of one of the hind wheels of the wagon becoming entangled with one of the defendants' wires which the plaintiff found swinging across the way at such a height as to obstruct and endanger ordinary travel, *Held*, that the fact, unexplained and unaccounted for, that the wire was in such a position, was in itself evidence for the jury on the issue of the negligence of the defendants. *Held, further*, that the questions, whether the plaintiff was justified in supposing that he could pass the obstruction safely, with his horses and wagon, upon ascertaining that the wire could by slight pressure be made to lie flat on the ground across the whole width of the carriage path; and whether he used due care in attempting to do so by alighting and leading his horses and moving the forward wheels of the wagon over the wire, after pressing it to the ground, and then remounting upon the wagon because he could there better control the horses, and starting them in the expectation that the hind wheels would be drawn safely over the wire; were also for the jury.

TORT for injury of the plaintiff's horses. Trial in the superior court, before *Wilkinson*, J., who allowed the following bill of exceptions :

" The plaintiff offered to prove that, as he was travelling on a public highway in Wareham, with two horses and a wagon, he saw that a telegraph wire of the defendants had fallen from one pole, and was hanging diagonally across the highway and within one or two inches of the surface of the road in the travelled part that he drove up near the wire, stopped, got out of his wagon, went forward, and stood on the wire with both feet. The distance between the two poles on which the wire hung was two hundred feet; the intermediate pole from which the wire hung being on the left hand side of the public highway, and one hundred feet in advance of the pole on the side to which it remained attached. The plaintiff found that, by reason of the long sweep of the circle, with small pressure the wire would lie flat on the ground for the entire width of the travelled part of the road and judging it prudent to pass over the wire, he took his horses each by the head, and walking backward himself led the horses over the wire. Before the off horse was fully over the wire, the wire came in contact with the near forward wheel. He slowly eased this wheel over the wire; stopped a moment; and then

eased the off forward wheel over. Finding that he could better control and guide his horses upon his box than at their heads on the ground, after having wasted a few moments the plaintiff got upon his wagon, took the reins, started his horses slowly forward, and drew the near hind wheel over the wire, when the wire came in contact with the off hind wheel. The wire, having acquired a vibratory motion, slipped and passed over instead of under the wheel, forming a loop around the hind axle of the wagon. At this point the strain caused the hind part of the wagon to rise up in the air. The plaintiff was no longer able to control his horses, and was thrown upon the ground. The telegraph pole broke with a crash, frightening the horses, which ran away with the carriage; and one of them was killed and the other seriously injured."

The judge ruled upon this evidence that the plaintiff could not recover, and ordered a verdict for the defendants, which was returned; and the plaintiff alleged exceptions.

*B. W. Harris*, (*J. G. Sproat* with him,) for the plaintiff.

*G. Marston*, for the defendants.

HOAR, J. This case was taken from the jury upon the ground that there was no sufficient evidence to maintain the action; and has been argued for the defendants chiefly upon two points: 1. that there was no evidence of negligence on the part of the telegraph company; and 2. that the evidence had no tendency to show that the plaintiff was himself in the exercise of due care at the time of the accident.

We think it somewhat doubtful whether the first point is open upon the bill of exceptions; and that the presiding judge may have only intended to rule upon the question of the care used by the plaintiff. But this is not important, because the fact that a telegraph wire is found swinging across a public way, at such a height as to obstruct and endanger ordinary travel, is in itself, unexplained and unaccounted for, some evidence of neglect on the part of the company whose duty it is to keep it in a proper and safe position, and should have been submitted to the jury. *Worster* v. *Canal Bridge*, 16 Pick. 541.

The other point is more doubtful; but, upon careful examina-

tion, we think that it would have been proper to submit that too to the jury, and that the plaintiff's exception must be sustained. If a party, with full knowledge of the existence of an obstruction or defect in a highway, wilfully or recklessly keeps on, and involves himself in danger which he had no reasonable cause to believe that he could successfully encounter, he acts at his own risk, and must take the consequences. But because there is an obstacle to proceeding it does not follow that it is not consistent with reasonable care to attempt to proceed. Thus in *Horton* v. *Ipswich*, 12 Cush. 488, it was held that, if a road was obstructed by snow, and the plaintiff knew that it was dangerous or impassable, but persisted in going on, he could not recover; but that, if he only knew it was obstructed, but not so as to indicate to him that he could not pass with safety, and he met with injury in proceeding with due care, he might maintain his action. And in *Lund* v. *Tyngsboro*, 11 Cush. 563, it was held that, if a traveller, being brought into imminent peril by his near approach to a defect in the highway, voluntarily, but in the exercise of due care and prudence, leaps from his carriage to avoid it, and is injured, he may recover compensation from the town, though he would have escaped injury if he had remained in the carriage. The question is not, in any case, whether the traveller knew of the defect, and might possibly have stopped or avoided it; but whether he had reasonable cause to think that he might escape from it by the means which he adopted, and used reasonable care in making the attempt.

Whether the plaintiff in the case at bar, finding a wire across the road which interfered with his going on, but finding also that with slight pressure it could be made to lie flat on the ground across the whole width of the travelled way, was justified in supposing that he could pass over it with safety, and whether he used due care in attempting to do so, were, in our judgment, questions of fact for the jury, to be decided by them upon the whole evidence. We cannot say that as matter of law the evidence shows beyond all controversy that he was negligent.

*Exceptions sustained.*