## THOMAS F. TOBIN *vs.* GEORGE J. JONES.

Norfolk.   January 14. — 17, 1887.   HOLMES & GARDNER, JJ., absent.

If the report of an auditor does not set forth the testimony at the hearing before him, he is a competent witness at the trial of the case for the purpose of showing that a witness at the trial testified differently at the hearing before him.

CONTRACT, on an account annexed. At the trial in the Superior Court, before *Aldrich*, J., the plaintiff put in evidence the report of an auditor to whom the case had been referred, and rested. The auditor's report did not set forth the testimony of the witnesses examined before him. The defendant testified as a witness. The plaintiff then called the auditor as a witness, and he was allowed, against the objection of the defendant,

for the purpose of contradicting the testimony of the defendant, to state what the defendant testified to at the hearing before him.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. E. Tirrell,* for the defendant.

*J. L. Eldridge,* for the plaintiff.

BY THE COURT. At the trial in the Superior Court, the defendant was a witness in his own behalf. It was competent for the plaintiff to contradict his testimony and impeach his credibility by showing that he had made inconsistent statements at other times. He had the right, therefore, to prove, by any competent witness, that the defendant made such contradictory statements in his testimony before the auditor who heard the case, and, for this purpose, the auditor is a competent witness, he not having set out in his report the testimony taken before him. He is not called as a witness to control or affect his report, either by impeaching it or by adding to it, but merely to contradict the testimony of the defendant. The case, therefore, does not fall within the cases of *Monk* v. *Beal,* 2 Allen, 585, and *Packard* v. *Reynolds,* 100 Mass. 153. *Exceptions overruled.*