Julius C. Anderson, Sheriff, &c., Plaintiff in Error, vs. Carlin & Fulton, Defendants in Error.

The *ad damnum* in a declaration for the recovery of specific goods refers, under section 20 of the practice act of 1861, (sec. 28, p. 817, Mc's. Digest,) to damages to be recovered for their detention and not to the value of the goods, and when the plaintiff elects, under the replevin statute, to take judgment for the value, the judgment will not be reversed as erroneous because it exceeds the amount of such *ad damnum*.

Writ of Error to the Circuit Court for Orange county.

The facts of the case are stated in the opinion.

*Butt & Silver* for Plaintiff in Error.

*A. M. Thrasher* and *Randall, Walkers & Foster* for Defendants in Error.

MR. JUSTICE RANEY delivered the opinion of the court:

This is an action of replevin tried by the court without a jury, by consent of parties.

There is no bill of exceptions, and, consequently, questions upon the evidence cannot be considered.

Damages are laid in the declaration at $700. The plaintiffs, Carlin & Fulton, having elected, as permitted by our replevin statute, to take a recovery for the value of the goods, the court found the same to be $742.68, and judgment was rendered for this amount and costs. It is urged that the judgment is, on account of the excess over the *ad damnum* of the declaration, erroneous. It seemed to us at the time of the argument that an order should be made, as in Spratt vs. McLean, 20 Fla., 515, 524, granting a new trial unless the defendants in error should, within a time to be specified, enter a *remittitur* of such excess in the office of the Clerk of the Circuit Court of Orange county, but upon investigation and further consideration we find that under section 20 of the practice act of February 8, 1861, section 28, p. 817, of McClellan's Digest, the *ad damnum* of a declaration for the recovery of specific goods, does not relate to the value of the goods, but to the damages for their detention. The schedule which the declaration refers to as attached to it, and as describing the goods taken, puts their value at the amount fixed by the judgment.

The judgment must be affirmed, and it will be so ordered.