[No. 2042.]

CLIFTON W. WALTERS v. THE DENVER CONSOLIDATED
ELECTRIC LIGHT COMPANY.

LEVINA E. WALTERS v. THE DENVER CONSOLIDATED
ELECTRIC LIGHT COMPANY.

1. Negligence—Prima Facie Case—Evidence.

In an action against an electric light company where the evidence shows that its wires were attached to the residence of plaintiff's father about fourteen inches beneath a window where the insulators and transformer were situated; that plaintiff, a boy of twelve years of age, seeing one of the insulators off the bracket, reached down and replaced it and in doing so received a shock and was injured; that at the time of the accident the wire for the distance of one and one-half inches was uninsulated and exposed, the facts establish a prima facie case of negligence against the defendant.

2. Contributory Negligence—Question for Jury.

In an action against an electric light company, the question as to whether plaintiff, a twelve-year-old boy, was guilty of contributory negligence in attempting to replace an insulator on its bracket, is one for the jury to determine.

3. Negligence—Electric Wires—Location—Instructions.

In an action against an electric light company, where the negligence alleged was that defendant permitted its wires to be uninsulated and exposed, and the evidence showed that the wires were attached to the residence of plaintiff's father beneath and within easy reach of a window, at which point the injury occurred, an instruction which told the jury that the only matter they could consider was whether or not defendant was negligent in the condition of the wire, and that they could not consider the question of negligence in placing the wire at the place where it was fastened to the wall, was erroneous. The location of the wire was a material factor in determining the degree of care to be exercised in maintaining it in a reasonably safe condition.

4. Negligence—Instructions.

In an action against an electric light company by a boy twelve years old for injuries caused by coming in contact with an uninsulated wire placed on his father's residence within reach of a window, an instruction that absolved defendant from liability for the condition of the wire, except as to persons having some duty or business to perform at the point where the wire was exposed, was erroneous.

*Appeal from the District Court of Arapahoe County.*

Mr. R. T. McNEAL and Messrs.WELLS & TAYLOR, for appellants.

Messrs. WOLCOTT & VAILE and Mr. WILLIAM W. FIELD, for appellee.

GUNTER, J.

Verdict was for defendant, and from the judgment thereon is this appeal. At a former trial defendant objected to the introduction of testimony upon the ground that the complaint herein did not state facts sufficient to constitute a cause of action. This objection was sustained and judgment of dismissal entered. This was reversed.—*Walters v. Electric Light Company,* 12 Colo. App. 145, 54 Pac. 960. The pleadings herein are the same as on the former appeal.

1. The wires of defendant used in illuminating the residence of plaintiff's father ran to insulators "A" and "B" on iron brackets affixed to the rear wall of the residence; thence to a transformer; thence into the residence. The transformer and insulators were situate about 14 inches beneath the bathroom window. At a point on the main wire just before it reached insulator "A" a union was made between the main wire and the wire leading to the transformer, and to effect this the original insulation was removed from the main wire and transformer wire at the point of union. After the wires were spliced at this point they were soldered together, and to reinsulate them insulating tape should have been wrapped around the point of union. There was evidence from which it might be reasonably concluded that at this point for the distance of about one and one-half inches the wire was exposed at the time of the accident and about two inches of insulating tape unwound and hanging

down. Plaintiff, aged between 12 and 13 years, looked out of the bathroom window about 6.30 in the morning, and seeing glass insulator "A" off the bracket, reached down, took hold of, and replaced it. As he did so a shock was received, producing the injuries, damages for which are sought to be recovered herein. Immediately thereafter he was found unconscious, his hand upon, or close to, the uninsulated section of the wire mentioned. There was evidence sufficient to go to the jury that a section of the wire was uninsulated at the time of the accident; that thereby plaintiff sustained the injuries complained of.

If the jury believed these facts, it made a presumptive case of negligence against defendant. In *The Denver Consolidated Electric Light Company v. Simpson*, 21 Colo. 371, 41 Pac. 499, plaintiff was traveling a public alley; he came in contact with one of defendant's wires charged with electricity, which wire had become detached from its overhead fastening and was hanging to within about two feet of the ground. As result of such contact plaintiff received a severe shock and was seriously injured. He had judgment below. The court, speaking to an alleged error of the trial court in instructing upon what constituted *prima facie* negligence, said: "In substance, the court instructed the jury that if they found that the defendant's wire was so charged with electricity as to become dangerous to persons coming in contact with it, and that the wire had become disconnected or detached from its fastenings and hung down in a public alley so as to endanger public travel, that, of itself, was *prima facie* evidence of negligence on the part of defendant. Strictly speaking, except in some relations springing out of contract, the mere happening of an accident is not any evidence of negligence.—Thompson on Carriers of Passengers, p. 209, § 9. But in some cases of tort, it has been held

that the existence of certain facts, unexplained, is some evidence of negligence. *Thomas v. Western Union Tel. Co.*, 100 Mass. 156, and *Haynes v. Gas Company*, 114 N. C. 203, are cases in point, and are authority for the instruction given in this case."

In *Haynes v. Gas Company, supra,* a boy aged about 10 years took hold of a wire on the sidewalk over which he was passing and was killed by an electric current. *Inter alia,* the court said: "Proof that there was a 'live' wire (carrying a deadly current) down into the highway surely raises presumption that some one had failed in his duty to the public. When to this was added proof that this death-carrying wire was put above the street by the defendant and was its property, and under the management and control of its servants, and that by contact with that wire the deceased, having a right to be on the street, was killed, a complete *prima facie* case of negligence was made out, and the burden was cast upon the defendant to show that this 'live' wire was in the street through no fault of its servants and agents."

In *Tramway Co. v. Reid,* 4 Colo. App. 53, 35 Pac. 269, the court said: "The fact being established that injuries were caused by electricity, and that the car was so charged with the fluid as to injure a person by contact with any part of it, if not establishing negligence *per se,* made such a *prima facie* case as to require defense, either to show that the injuries were not caused by that agency or through the careless use of the agent." See also *Trenton Passenger Railway Company v. Cooper,* 60 New Jersey Law Reports 219.

2. It is contended that the evidence disclosed such contributory negligence as to bar a recovery. The complaint stated the facts fully and distinctly. There was evidence to support its allegations. The

court's holding in *Walters v. Electric Light Company, supra,* that the complaint stated a cause of action, and that the question of contributory negligence should have been submitted to the jury, in effect decided this contention. It is there said: "The question of negligence is a mixed one of law and fact, and, except in rare cases, its determination belongs to the jury. * * * Where, upon facts in its possession, the character of the conduct is in any degree involved in doubt, it is never proper for the court to withdraw the question of negligence from the jury. * * * He (plaintiff) was rightfully in his father's house, and he was rightfully at the window. Seeing something out of place which was attached to the house, directly under the window, and within his reach, it might very naturally occur to him to replace it, and his act in so doing, if he had no knowledge of the purpose of the attachment, and no reason to apprehend danger from it, could hardly be called recklessness."

3. As it was the plaintiff's right to have his case submitted to the jury; it was also his right to have this done under proper instructions. The gist of the charge of plaintiff was, that defendant, through negligence, permitted the wire in question to be in an uninsulated condition. It was for the jury to determine whether or not the wire was uninsulated at the time of the accident, and if so uninsulated, whether the defendant was guilty of negligence in permitting such condition. A material factor in determining the degree of care which defendant should bestow by proper inspection and otherwise in maintaining the wire in a reasonably safe condition was the location of the wire in question. If located at a point readily accessible, the law would require greater care of defendant to preserve the wire insu-

lated than if the wire was located at an inaccessible
point.

In *Walters v. Electric Light Co., supra*, it is said:
"We may concede that at places where there is no
apparent possibility of injury ensuing from electric
wires it would not be negligence to leave them un-
covered, and that no duty to keep them insulated
would exist unless it was imposed by some express
law. But by this concession, the question whether,
consistently with the degree of care exacted in the
management of an agency so dangerous as electricity,
it was or was not the duty of defendant to have its
wires insulated at the particular place where this
injury occurred, is by no means disposed of.  *  *  *
The insulator was a harmless looking object; there
was nothing to give notice of the deadly force hidden
in the wire; the accident was one liable, and which
the defendant must have known was liable, to hap-
pen at any dwelling to which electric appliances were
similarly affixed, and in which there were children,
or persons ignorant of the purpose of the appliances,
or the nature of the electric fluid;  *  *  *  ."

A part of instruction No. 8 was: "And the court
instructs the jury that the only matter which can be
considered by the jury as bearing upon the question
as to whether or not the defendant was negligent, is
the condition of the wire with which Clifton Wood
Walters came in contact, and the condition of the
insulation upon that wire at the time Clifton Wood
Walters was injured."

A part of instruction No. 9 was: "And although
you may believe, from the evidence, that the de-
fendant was negligent in placing these wires and
transformer or converter at the place where they
were fastened to the walls of the house;  *  *  *  still
such negligence, if any there was, cannot be con-

sidered by you in this case, and must not influence your verdict in any manner whatever.''

The effect of these two instructions was to tell the jury that it could not consider the location of the transformer in determining the degree of care that should be exercised in preserving the wire in question uninsulated. As stated, the location was a material factor in determining the degree of care to be exercised by defendant in maintaining the wire in question in a reasonably safe condition, and for such purpose it should have been considered by the jury. The giving of these two instructions, we think, constitute reversible error.

Instruction No. 18 in effect told the jury to find the issues for defendant. Such instruction is: ''The court instructs the jury that if they believe from the evidence that the defendant knew or ought to have known that the insulation upon the wire in question was defective and out of repair, still, the plaintiff cannot recover in this case unless you further believe from the evidence that under all the circumstances proven in this case the defendant, exercising reasonable care, would have or ought to have anticipated that some person might have some duty or business to perform at the point where the insulation upon the wire was defective during the night and before the hour in the morning when the electricity was turned off from the wires in question, and might, while exercising ordinary care to prevent injury to himself, and while performing such duty and business, come in contact with such wire.'' This instruction absolved the defendant from all care as to the uninsulated wire except as to persons having some duty or business to perform at the exposed point. It was not claimed that the plaintiff (a child) had any duty or business to perform at such point. The jury, obeying the charge, could not do otherwise than find for

defendant. Such instruction is not the law. ''The accident was one liable, and which the defendant must have known was liable, to happen at any dwelling to which electric appliances were similarly affixed, and in which there were children, * * * and we cannot say, as a matter of law, that proof would not be admissible under the averments of the complaint, which would justify a verdict that, in leaving the wire exposed as alleged, the defendant was guilty ·of negligence.''—*Walters v. Electric Light Company, supra.*

The defendant owed to this plaintiff the duty of exercising reasonable care under all the circumstances to have and to maintain this wire in a reasonably safe condition. If it failed in this duty, and the plaintiff was free of contributory negligence, liability attached.

There is no sufficient reason for prolonging this opinion to consider the many other errors assigned, The questions thereby presented will probably not arise on a second trial, if one be had. There was sufficient evidence of defendant's negligence for the question to go to the jury. The degree of care exacted of the defendant in operating its plant is settled. ''The highest degree of care which skill and foresight can attain consistent with the practical conduct of its business under the known methods and the present state of the particular art.''—*Denver Electric Light Co. v. Simpson, supra; Tramway Co. v. Reid, supra.*

The question of contributory negligence upon the facts herein should go to the jury. This, in effect, was also ruled upon the former appeal. These two questions of negligence, and contributory negligence, should have gone to the jury under proper instructions. They were not so submitted.

4.   The ruling herein disposes also of *Levina E.*

*Walters v. The Denver Consolidated Electric Light Company,* as it is controlled by the same facts, and submitted upon the same abstract and briefs.

Cases reversed.                                    *Reversed.*